**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

Rodney Delaboin,                               )
                    Petitioner,                )
                                               )        No. 20 CV 50141
v.                                             )        Judge Iain D. Johnston
                                               )
Andrew Ciolli,[1]                              )
                    Respondent.                )

**MEMORANDUM OPINION AND ORDER**

     Petitioner Rodney Delaboin contends that the Bureau of Prisons miscalculated his release date by failing to credit him under 18 U.S.C. § 3585(b) for all of his time spent in pretrial confinement. He has filed a writ of habeas corpus under 28 U.S.C. § 2241 asking this Court to direct the government to properly credit his time. But the government responds that Delaboin did not exhaust his administrative remedies before filing suit, and so the petition should be dismissed. For the reasons given below, the Court agrees with the government and dismisses Delaboin's petition [1, 11] for failure to exhaust.

**BACKGROUND**

     Mr. Delaboin was indicted in federal court on one count of being a felon in possession of a firearm based on his possession of a firearm on September 13, 2012. *See United States v. Delaboin*, No. 13 CR 472 (N.D. Ohio), Dkt. 1. As best as the Court can piece together from the documents attached to Mr. Delaboin's petition and his commentary on those documents, he was taken into state custody on September 13, 2012, bonded out on October 15, 2013, was re-arrested and placed into federal custody on October 30, 2013, remained in federal custody until November 26, 2013, when he was returned to state custody for sentencing, remained in state custody serving his sentence until October 29, 2014, and finally was transferred to federal custody for sentencing on his federal offense on December 19, 2014. Petition [1] at 12, 14. The Bureau of Prisons credited him with 57 days of pretrial confinement for the period October 30, 2013 through November 4, 2013, plus October 29, 2014, through December 18, 2014. *Id.* at 9. Mr. Delaboin contends he should also be credited for the periods September 13, 2013, through October 30, 2013, as well as November 4, 2013, through November 26, 2013. *Id.* at 6.

**ANALYSIS**

     Persons in the custody of the Bureau of Prisons may challenge the computation of their sentences by filing a petition for habeas relief under 28 U.S.C. § 2241. *See Clement v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). But before challenging the computation in court, federal inmates

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit
.

must first exhaust their administrative remedies.  *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not.").

The applicable administrative remedies are set out in the Bureau of Prisons' Program Statement 1330.18, known as its Administrative Remedy Program.  To exhaust an inmate must first attempt to resolve an issue informally.  *See* 28 C.F.R. § 542.13.  Within 20 days of the date on which the basis of the request occurred, to exhaust the inmate must then file a written Administrative Remedy Request using form BP-9.  *Id.* § 542.14.  The warden must respond within 20 days.  *Id.* § 542.18.  If the inmate is not satisfied with the response, within 20 days he must submit an Appeal to the regional director using form BP-10, which must be "accompanied by one complete copy or duplicate original of the institution Request and response." *Id.* § 542.15(a), (b).  The regional director has 30 days to respond.  *Id.* § 542.18.  If the inmate is still not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. using form BP-11, which must be "accompanied by one complete copy or duplicate original of the institution and regional filings and their responses."  *Id.* § 546.15(a), (b).  The General Counsel must respond within 40 days.  *Id.* § 542.18.  If an inmate does not receive a timely response to his informal request, grievance, or appeals, he "may consider the absence of a response to be a denial at that level."  *Id.*

In his petition, Mr. Delaboin identified a single grievance he filed about the computation of his sentence, which is dated December 12, 2012.  Petition [1] at 2.  He did not appeal the denial of that grievance, which he admitted in his § 2241 petition by ticking the "No" box following the question, "After the first appeal, did you file a second appeal to a higher authority, agency, or court?"  *Id.*  Instead of appealing, he asserts that after his initial grievance was denied he was entitled to pursue a petition under § 2241.  *Id.* at 3 ("Per the Program Statement after the exhaustion of the remedies the next step is the 2241 appeal from what I understand with my little knowledge of this process.").  In response, the government asserted the defense of failure to exhaust.  Response [14] at 2.

In his reply brief, Mr. Delaboin then asserted that he had exhausted a different grievance about the computation of his sentence, one he had filed on June 28, 2016.  Reply [15] at 2.  He contends he did not earlier identify that grievance because his institution has denied him access to his legal materials.  In its surresponse, the government contends that Mr. Delaboin failed to fully exhaust the June 28, 2016, grievance, too.  Specifically it notes that on January 9, 2017, when Mr. Delaboin appealed the warden's denial of his initial grievance to the regional director, he did not attach a copy of that initial grievance, even though required by 28 C.F.R. § 546.15(b). Surresponse [18] at 2.  Likewise, on January 30, 2017, when he proceeded to the Office of General Counsel to appeal the regional director's decision, he did not attach a copy of his appeal to the regional director.  *Id.*  In support, the government attached the declaration of Amber Daughenbaugh, the Associate Warden's Secretary at USP Thomson, who reviewed Mr. Delaboin's grievances and appeals and the responses given as recorded on the Bureau of Prisons' SENTRY computer system.  According to the declaration and attached printouts from SENTRY, Mr. Delaboin's appeal to the regional director was rejected because he "failed to provide a copy of his institutional level BP-9 filings" Surresponse [18] at 5-6, 18, and his appeal to the Office of

General Counsel was rejected because he "did not provide a copy of his regional BP-10 filings" *id.* at 6, 21.

Mr. Delaboin contends that his failure to include his BP-9 and BP-10 filings are excused under 28 C.F.R. § 542.18 because if an "inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Specifically he contends that the:

> argument that I failed to properly or fully exhaust my admin.
> remedies due to the fact I did not send a copy of my B.P.9 on 1-9-17
> to the region and on 1-30-17 21 days later I supposedly didn't send a
> copy of my B.P.10 to the Office of General Counsel . . . do not mean
> I did not properly or fully exhaust my remedies because 1330.18
> clearly state if a prisoner don't receive a response from one level
> he/she can move on to the next level w/o a response! There for it
> can not be a fact that I did not fully or properly exhaust my remedies.

Surreply [19] at 3. But the portion of 28 C.F.R. § 542.18 on which Mr. Delaboin relies merely allows an inmate to proceed to the next level of exhaustion if he has not received a response to his pending grievance or appeal within the allotted time. The government does not contend that Mr. Delaboin jumped the gun by pursuing the next level of appeal before receiving a response to a pending grievance or appeal, and so the language appears to be inapplicable. The government's contention is that Mr. Delaboin failed to exhaust because he did not attach his earlier grievances and appeals, but nothing in § 542.18 excuses compliance with § 546.15(b) and its requirement that the inmate attach to each appeal the filings from the proceeding being appealed. Although Mr. Delaboin does not explicitly contend that he failed to attach copies of his BP-9 and BP-10 to his appeals because he did not have copies of them, he does mention that his facilities have denied him access to his legal materials. If Mr. Delaboin did not have copies of his BP-9 and BP-10 forms, he could have sought an extension to appeal under § 542.14(b), which states that "[w]here an inmate demonstrates a valid reason for delay, an extension in filing time may be allowed." Mr. Delaboin does not contend he was ever denied an extension or that he ever even sought one.

By failing to comply with each of the steps required under the Administrative Remedy Program, specifically the requirement that he attach to any appeal the paperwork from the proceeding being appealed, Mr. Delaboin has failed avail himself of every level of administrative appeal, and therefore has failed to exhaust before filing his § 2241 petition.

**CONCLUSION**

For the reasons given, the Court concludes that Mr. Delaboin has not administratively exhausted his claim that his sentence has been incorrectly calculated. Accordingly, his § 2241 petition raising that claim is dismissed without prejudice.


Date: September 29, 2021                    By: _____

                                            Iain D. Johnston
                                            United States District Judge